**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_______________ District of Delaware
(State)

Case number (*If known*): _______________ Chapter 11

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

02/20

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

1. **Debtor's name** — CraftWorks Holdings, LLC

2. **All other names debtor used in the last 8 years** — See Appendix A

   Include any assumed names, trade names, and *doing business as* names

3. **Debtor's federal Employer Identification Number** (EIN) — 83-2257163

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 3011 Armory Dr. #300 (Number Street) | 8001 Arista Place, #500 (Number Street) |
| | P.O. Box |
| Nashville TN 37204 (City State ZIP Code) | Broomfield CO 80021 (City State ZIP Code) |
| Davidson (County) | **Location of principal assets, if different from principal place of business** |
| | Number Street |
| | City State ZIP Code |

5. **Debtor's website** (URL) — See Appendix A

Debtor CraftWorks Holdings, LLC
Name

Case number (if known)______________

**6. Type of debtor**

- ☑ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
- ☐ Partnership (excluding LLP)
- ☐ Other. Specify: ______________

**7. Describe debtor's business**

A. *Check one:*

- ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
- ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- ☐ Railroad (as defined in 11 U.S.C. § 101(44))
- ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
- ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
- ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
- ☑ None of the above

B. *Check all that apply:*

- ☐ Tax-exempt entity (as described in 26 U.S.C. § 501)
- ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
- ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

7 2 2 5

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- ☐ Chapter 7
- ☐ Chapter 9
- ☑ Chapter 11. *Check all that apply*:
  - ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
  - ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
  - ☐ A plan is being filed with this petition.
  - ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
  - ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
  - ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- ☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

- ☑ No
- ☐ Yes. District __________ When __________ (MM / DD / YYYY) Case number __________

  District __________ When __________ (MM / DD / YYYY) Case number __________

Debtor CraftWorks Holdings, LLC
Name

Case number (*if known*) ______

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☑ Yes. Debtor See Appendix B Relationship ______
District ______ When ______ MM / DD / YYYY
Case number, if known ______

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☑ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☑ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard? ______

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other ______

**Where is the property?** ______
Number Street

______
City State ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency ______
Contact name ______
Phone ______

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☑ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**
On a Consolidated Basis

| | | |
|---|---|---|
| ☐ 1-49 | ☑ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

Debtor CraftWorks Holdings, LLC
Name

Case number (if known)

**15. Estimated assets**

On a Consolidated Basis

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☑ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

**16. Estimated liabilities**

On a Consolidated Basis

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☑ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 03/03/2020
MM / DD / YYYY

✘ */s/ Hazem Ouf*
Signature of authorized representative of debtor

Hazem Ouf
Printed name

Title Chief Executive Officer

**18. Signature of attorney**

✘ */s/ Domenic E. Pacitti*
Signature of attorney for debtor

Date 03/03/2020
MM / DD / YYYY

Domenic E. Pacitti
Printed name

Klehr Harrison Harvey Branzburg LLP
Firm name

919 N. Market Street, Suite 1000
Number Street

Wilmington DE 19801
City State ZIP Code

(302) 426-1189
Contact phone

dpacitti@klehr.com
Email address

3989 DE
Bar number State

**APPENDIX A – OTHER NAMES AND WEBSITES**

The following list identifies all of the other names (including trade names) the Debtors have used in the last eight (8) years:

- A1A Ale Works Restaurant & Taproom
- Big Bang at Sing Sing
- Big River Grille & Brewing Works
- Chophouse & Brewery
- Gordon Biersch Brewery Restaurant
- Logan's Roadhouse
- Old Chicago Pizza & Taproom
- Ragtime Tavern
- Rock Bottom Restaurant & Brewery
- Seven Bridges Grille & Brewery
- Sing Sing

The following list identifies all of the websites used by the Debtors:

- https://www.craftworksrestaurants.com/
- https://gordonbiersch.com/
- https://logansroadhouse.com/
- https://oldchicago.com
- https://rockbottom.com
- https://www.bigrivergrille.com/

## APPENDIX B – AFFILIATED DEBTORS

The following list identifies all of the affiliated entities, including the Debtor filing this petition, that have filed voluntary petitions for relief in this Court under chapter 11 of title 11 of the United States Code substantially contemporaneously with the filing of this petition.

For all pleadings filed in this chapter 11 case, please refer to the pleadings filed in *In re CraftWorks Parent, LLC*, Bankruptcy Case No. __-_____ (__) (Bankr. D. Del.) (filed on March 3, 2020).

| | DEBTOR'S NAME | DEBTOR'S EIN |
|---|---|---|
| 1. | Big River Breweries, Inc. | 62-1566292 |
| 2. | Brew Moon Colorado, Inc. | 84-1565001 |
| 3. | Chophouse License, LLC | 82-2452340 |
| 4. | Craft Brewery Holding, Inc. | 27-3641228 |
| 5. | CraftWorks Holdings, LLC | 83-2257163 |
| 6. | CraftWorks Intermediate Co, LLC | 83-2269810 |
| 7. | CraftWorks Parent, LLC | 83-2243345 |
| 8. | CraftWorks Restaurants & Breweries Group, Inc. | 84-1494820 |
| 9. | CraftWorks Restaurants & Breweries, Inc. | 84-3482504 |
| 10. | CraftWorks Restaurants & Breweries, LLC | 27-3640676 |
| 11. | GB Acquisition, Inc. | 62-1795175 |
| 12. | GB Franchise, LLC | 45-4127716 |
| 13. | GB Kansas, LLC | 45-2570924 |
| 14. | GB Maryland, Inc. | 26-2816439 |
| 15. | GB Parent, Inc. | 27-3641281 |
| 16. | GBBR Texas, Inc. | 26-0869904 |
| 17. | Gordon Biersch Brewery Restaurant Group, Inc. | 62-1518023 |
| 18. | Harbor East Brewery, LLC | 45-4537759 |
| 19. | Logan's Restaurants, Inc. | 83-2239987 |
| 20. | Logan's Roadhouse, Inc. | 62-1602074 |
| 21. | Logan's Roadhouse of Kansas, Inc. | 20-5948716 |
| 22. | Logan's Roadhouse of Texas, Inc. | 74-2902372 |
| 23. | LRI Holdings, Inc. | 20-5894571 |
| 24. | Old Chicago Franchising LLC | 84-1407249 |
| 25. | Old Chicago of Colorado, Inc. | 84-1004857 |
| 26. | Old Chicago of Kansas, Inc. | 48-1160606 |
| 27. | Old Chicago Oregon, LLC | 47-4455083 |
| 28. | Old Chicago Parker Crossing, Inc. | 20-1309218 |
| 29. | Old Chicago Taproom, LLC | 84-1265838 |
| 30. | Old Chicago Westminster, Inc. | 84-0985759 |
| 31. | Roadhouse Intermediate Inc. | 27-4076159 |
| 32 | Roadhouse Midco Inc. | 27-4076337 |
| 33. | Roadhouse Parent Inc. | 27-3425108 |
| 34. | Rock Bottom Arizona, Inc. | 84-1584848 |
| 35. | Rock Bottom License, LLC | 82-2439033 |
| 36. | Rock Bottom of Minneapolis, Inc. | 93-1105762 |

| | | |
|---|---|---|
| 37. | Wadsworth Old Chicago, Inc. | 84-1004849 |
| 38. | Walnut Brewery, Inc. | 84-1117405 |

**Fill in this information to identify the case and this filing:**

Debtor Name CraftWorks Holdings, LLC

United States Bankruptcy Court for the: ______________________ District of Delaware
(State)

Case number (*If known*): ______________________

# Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* ____
- ☑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 75 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☑ Other document that requires a declaration Corporate Ownership Statement and List of Equity Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 03/03/2020
MM / DD / YYYY

✘ */s/ Jim Lebs*
Signature of individual signing on behalf of debtor

Jim Lebs
Printed name

Chief Financial Officer
Position or relationship to debtor

# SUBSIDIARIES OF CRAFTWORKS PARENT, LLC

Officer's Certificate

The undersigned, being the Chief Executive Officer of the each of the entities (collectively, the "Companies") set forth in **Exhibit 1** to the Resolutions (as defined herein) adopted by the members of the board of directors, the members of the board of managers, or the sole member, manager, or shareholder, as the case may be (as applicable, the "Governing Body"), does hereby certify that:

> Attached hereto is a true, correct and complete copy of the Resolutions adopted by the Governing Body of each Company on March 2, 2020 (the "Resolutions"), and such Resolutions have not been modified or rescinded in whole, in part or in any respect and are in full force and effect.

IN WITNESS WHEREOF, the undersigned in his capacity as Chief Executive Officer of the Companies has duly executed and caused this certificate to be delivered as of March 2, 2020.

By: ______________________________

Hazem Ouf
Chief Executive Officer

# SUBSIDIARIES OF CRAFTWORKS PARENT, LLC

## RESOLUTIONS ADOPTED BY UNANIMOUS APPROVAL AT A MEETING OF THE GOVERNING BODIES OF THE SUBSIDIARIES ON MARCH 2, 2020

**March 2, 2020**

The members of the board of directors, the managers of the board of managers, or the sole member, manager, or shareholder, as the case may be (as applicable, the "Governing Body"), of each of the entities set forth in **Exhibit 1** (each, a "Company", and collectively, the "Companies"), do hereby consent to the taking of the following actions and do hereby adopt the following resolutions (the "Resolutions") pursuant to the bylaws, operating agreements, or limited liability company agreement, or similar document as applicable, of each respective Company and the applicable laws of the jurisdiction in which such Company is organized:

**WHEREAS**, a special meeting of the Governing Body of each Company was held by telephone on March 2, 2020, of which all members of the Governing Body of each Company were provided sufficient notice;

***WHEREAS***, the Governing Body of each Company has considered presentations by the management of, and the financial and legal advisors to, such Company regarding the liabilities and liquidity situation of such Company, the strategic alternatives available to it, and the effect of the foregoing on such Company's business, creditors, and other parties in interest;

***WHEREAS***, the Governing Body of each Company has had the opportunity to consult with such Company's management, and financial and legal advisors and other professionals, and fully consider each of the strategic alternatives available to such Company;

***WHEREAS***, based on its review of all available alternatives and advice provided by such advisors and professionals, the Governing Body of each Company has determined that it is in the best interest of such Company and its stakeholders for such Company to take the actions specified in the following Resolutions;

***WHEREAS***, the Governing Body of each Company has been presented with a proposed petition to be filed by such Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), in which the authority to operate as a debtor-in-possession will be sought;

***WHEREAS***, the Governing Body of each Company, having considered the financial and operational aspects of such Company's business and the best course of action to maximize value, deems it advisable and in the best interests of such Company, its creditors, and other interested parties that a petition be filed by such Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code;

***NOW, THEREFORE,* BE IT:**

**RESOLVED**, that in the judgment of the Governing Body of each Company it is desirable and in the best interests of each Company, creditors, employees, stakeholders and other interested parties, that a voluntary petition be filed by such Company seeking relief under the provisions of chapter 11 of the Bankruptcy Code, and the filing of such petition is authorized hereby; and be it further

**RESOLVED**, that each Company's appointed officers and managers having equivalent responsibilities (each, an "Authorized Person") is hereby authorized and empowered, on behalf of and in the name of each applicable Company, to execute and verify a petition in the name of such Company under chapter 11 of the Bankruptcy Code and to cause the same to be filed in the Bankruptcy Court (collectively, the "Chapter 11 Cases") in such form and at such time as the Authorized Person(s) executing said petition on behalf of such Company shall determine; and be it further

**DIP Facility**

**RESOLVED**, that the form, terms, and provisions of the Senior Secured Super-Priority Debtor-In-Possession Credit Agreement (the "DIP Credit Agreement") by and among each Company, as debtors and debtors-in-possession in the Chapter 11 Cases, and Fortress Credit Co LLC as agent (the "DIP Agent") for the lender parties thereto (collectively, the "DIP Lenders") and each Company's performance of its obligations under the DIP Credit Agreement be, and hereby are, in all respects, approved; and further resolved, that the form, terms and provisions of each of the instruments and documents ancillary to the DIP Credit Agreement (together with the DIP Credit Agreement, collectively, the "DIP Loan Documents"), are hereby in all respects approved, and each Authorized Person is hereby authorized and empowered to execute and deliver the DIP Credit Agreement, and each of the DIP Loan Documents, in the name and on behalf of each Company under its corporate seal or otherwise, substantially in the forms reviewed by each Authorized Person, with such changes therein and modifications and amendments thereto as such Authorized Person may in its sole discretion approve, which approval shall be conclusively evidenced by his execution thereof; and be it further

**RESOLVED**, that each Governing Body hereby authorizes each Company to grant liens and security interests in and to all of such Company's assets of whatever kind in favor of the DIP Agent as collateral to secure the obligations in the DIP Credit Agreement and the DIP Loan Documents, and each Governing Body hereby authorizes the DIP Agent to file any financing statements (including financing statements describing the collateral as "all assets", "all personal property" or with words of similar import), assignments for security or other documents in the name of such Company as may be necessary or desirable to perfect the security interests granted to the DIP Lenders in the DIP Loan Documents; and be it further

**RESOLVED**, that each Authorized Person be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses, in accordance with the terms of the DIP Loan Documents, to arrange for and enter into supplemental agreements, amendments, instruments, certificates, or documents relating to the transactions contemplated by the DIP Credit Agreement or any of the other DIP Loan Documents and to execute and deliver all such supplemental agreements, amendments, instruments, certificates, or documents in the name and on behalf of each Company under its

corporate seal or otherwise, which shall in its sole judgment be necessary, proper or advisable in order to perform such Company's obligations under or in connection with the DIP Credit Agreement or any of the other DIP Loan Documents and the transactions contemplated therein, and to carry out fully the intent of the foregoing resolutions; and be it further

**RESOLVED**, that each Authorized Person be, and hereby is, authorized and empowered to execute and deliver any amendments, amendment and restatements, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the DIP Loan Documents which shall in their sole judgment be necessary, proper or advisable; and be it further

**RESOLVED**, that all acts and actions taken by each Authorized Person prior to the date hereof with respect to the transactions contemplated by the DIP Credit Agreement and any of the other DIP Loan Documents be, and hereby are, in all respects confirmed, approved, and ratified; and be it further

**Sale of Assets**

**RESOLVED**, that in connection with the Chapter 11 Cases, it is desirable and in the best interests of each Company, its creditors, and other parties in interest to enter into an Asset Purchase Agreement (the "APA"), pursuant to which DBFLF CFTWE Holdings L.P., an affiliate of the DIP Agent and DIP Lenders, has agreed to purchase, and each Company has agreed to sell, substantially all of the assets of such Company, subject to a marketing process and the receipt of higher or better offers; and be it further

**RESOLVED**, that each Authorized Person hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of each Company, to cause such Company to negotiate, execute and deliver the APA, and any related documents contemplated thereby, in such form and with such changes or amendments (substantial or otherwise) thereto as the Governing Body of such Company shall approve as necessary or desirable, in order to perform such Company's obligations under the APA; and be it further

**RESOLVED**, that in connection with the Chapter 11 Cases, it is desirable and in the best interests of each Company, its creditors and other parties in interest, that each Company shall be, and hereby is, authorized to file with the Bankruptcy Court a motion seeking approval of, among other things, (i) a sale of all or substantially all of each Company's assets pursuant to the APA, which shall be subject to higher or better offers, and (ii) the proposed bidding and auction procedures pursuant to which such Company and certain of its affiliates will market their assets; and it is further

**RESOLVED**, that each Authorized Person hereby is, empowered, authorized and directed, with full power of delegation, on behalf of and in the name of each such Company, to market the assets of such Company in pursuit of higher or better offers in compliance with the APA and the bid procedures entered in the Chapter 11 Cases, and to carry out fully the intent of the foregoing Resolutions; and be it further

**Retention of Advisors**

**RESOLVED**, that, in connection with the Chapter 11 Cases, each Authorized Person is hereby authorized, empowered, and directed, with full power of delegation, in the name and on behalf of each Company, to employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers and other professionals, on behalf of each Company, which such Authorized Person deems necessary, appropriate or advisable in connection with, or in furtherance of, the Chapter 11 Cases, with a view to the successful prosecution of the Chapter 11 Cases (such acts to be conclusive evidence that such Authorized Person deemed the same to meet such standard); and be it further

**RESOLVED**, that the firm of Katten Muchin Rosenman LLP, located at 575 Madison Avenue, New York, New York 10022, is hereby retained as Chapter 11 counsel for each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Klehr Harrison Harvey Branzburg LLP, located at 919 N. Market Street, Suite 1000, Wilmington, DE 19801, is hereby retain as Delaware counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Configure Partners, LLC, located at 3340 Peachtree Road NE, Suite 1010, Atlanta, GA 30326, is hereby retained as investment banker for each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of M-III Partners, LP, located at 130 W. 42nd Street, 17th Floor, New York, New York 10036, is hereby retained as financial advisor for each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Prime Clerk LLC, located at 60 E. 42nd Street, Suite 1440, New York, New York 10165, is hereby retained as claims, noticing and solicitation agent and administrative advisor for each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Hilco Real Estate, LLC, located at 5 Revere Drive, Suite 320, Northbrook, IL 60062, is hereby retained as real estate advisor for each Company in the Chapter 11 Cases, subject to Bankruptcy Court approval; and be it further

**RESOLVED**, that the firm of Kekst CNC, located at 437 Madison Avenue, 37th Floor, New York, New York 10022, as strategic communications advisor for each Company in the Chapter 11 Cases; and be it further

**General Authority**

**RESOLVED**, that each Authorized Person is hereby, authorized and empowered, on behalf of and in the name of each Company, to take or cause to be taken any and all such actions, agreements, certificates, instruments, and other documents and to pay all expenses, including, but not limited to filing fees, in each case, in such Authorized Person's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein; and be it further

**RESOLVED**, that all acts lawfully done or actions lawfully taken by each Authorized Person, or by any employees or agents of each Company, on or before the date hereof in connections with the transactions contemplated by the foregoing Resolutions be, and they hereby are, ratified, confirmed, and approved in all respects by the Governing Body of each Company; and be it further

**RESOLVED**, that the Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice; and be it further

**RESOLVED**, that all previous resolutions of each Company or any committee thereof which are inconsistent with these Resolutions are hereby repealed, revoked and rescinded to the extent of any such inconsistency; and be it further

**RESOLVED**, that these Resolutions may be executed in any number of counterparts, each of which shall be deemed an original and all of which together shall be deemed to constitute one or the same Resolutions.

[*Remainder of page left intentionally blank*]

**EXHIBIT 1**

| COMPANY | JURISDICTION |
|---|---|
| Big River Breweries, Inc. | Tennessee |
| Brew Moon Colorado, Inc. | Colorado |
| Chophouse License, LLC | Delaware |
| Craft Brewery Holding, Inc. | Delaware |
| CraftWorks Holdings, LLC | Delaware |
| CraftWorks Intermediate Co, LLC | Delaware |
| CraftWorks Restaurants & Breweries Group, Inc. | Delaware |
| CraftWorks Restaurants & Breweries, Inc. | Delaware |
| CraftWorks Restaurants & Breweries, LLC | Delaware |
| GB Acquisition, Inc. | Tennessee |
| GB Franchise, LLC | Delaware |
| GB Kansas, LLC | Kansas |
| GB Maryland, Inc. | Maryland |
| GB Parent, Inc. | Delaware |
| GBBR Texas, Inc. | Texas |
| Gordon Biersch Brewery Restaurant Group, Inc. | Tennessee |
| Harbor East Brewery, LLC | Delaware |
| Logan’s Restaurants, Inc. | Delaware |
| Logan’s Roadhouse of Kansas, Inc. | Kansas |
| Logan’s Roadhouse of Texas, Inc. | Texas |
| Logan’s Roadhouse, Inc. | Delaware |
| LRI Holdings, Inc. | Delaware |
| Old Chicago Franchising LLC | Delaware |
| Old Chicago of Colorado, Inc. | Colorado |
| Old Chicago of Kansas, Inc. | Kansas |
| Old Chicago Oregon, LLC | Delaware |
| Old Chicago Parker Crossing, Inc. | Colorado |
| Old Chicago Taproom, LLC | Delaware |
| Old Chicago Westminster, Inc. | Colorado |
| Roadhouse Intermediate Inc. | Delaware |
| Roadhouse Midco Inc. | Delaware |
| Roadhouse Parent Inc. | Delaware |
| Rock Bottom Arizona, Inc. | Delaware |
| Rock Bottom License, LLC | Delaware |
| Rock Bottom of Minneapolis, Inc. | Colorado |
| Wadsworth Old Chicago, Inc. | Colorado |
| Walnut Brewery, Inc. | Colorado |